UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND G. PAGE,<br><br>               Plaintiff,<br><br>     v.<br><br>JEFFERSON TRANSIT AUTHORITY, DAVID A. TURISSINI, AND EILEEN M. LAWRENCE,<br><br>               Defendants. | Case No. C08-5456RJB<br><br>ORDER ON APPLICATION FOR COURT APPOINTED COUNSEL |

       This matter comes before the Court on Plaintiff's Application for Court Appointed Counsel. Dkt. 9. The Court has considered the pleadings filed in support of and in opposition of this motion, and the remainder of the file herein.

       On July 21, 2008, Plaintiff, *pro se*, filed a Complaint, alleging that he is a disabled person, and Defendants discriminated against him based on his disability in violation of the Americans with Disabilities Act. Dkt. 1, at 3. Plaintiff alleges Defendants retaliated against him for exercising his rights. *Id.* Plaintiff alleges that his free speech, and due process rights were violated by Defendants, and brings a claim against them pursuant to section 1983. *Id.,* at 4. Plaintiff also makes claims for conspiracy to interfere with civil rights under section 1985, for "negligent to prevent," and "proceedings in vindication of civil rights, § 1988." *Id.* Plaintiff has not moved to proceed *in forma pauperis*. Plaintiff does not allege discrimination based upon "race, color, religion, sex, or national origin" as required by Title VII. *See* 42 U.S.C. § 2000e-2(a).

ORDER
Page - 1

1  Plaintiff now requests that an attorney be appointed for him. Dkt. 9. Plaintiff indicates that he has
2  contacted over thirty five attorneys and none of them would take his case. *Id*. Plaintiff has attached a
3  financial affidavit to his motion. Dkt. 10.
4  The court may appoint counsel under 42 U.S.C. § 1915(d) only under "exceptional circumstances."
5  *Terrell v. Brewer,* 935 F.2d 1015, 1017 (1990). "A finding of exceptional circumstances requires an
6  evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his
7  claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive
8  and both must be viewed together before reaching a decision." *Id.* (*internal citations omitted*).
9  Plaintiff's motion for appointment of counsel should be denied. At this stage in the litigation, there
10 has not been a sufficient development of the facts to establish whether Plaintiff will likely succeed on the
11 merits. Plaintiff has indicated that he is disabled, he is qualified to perform the essential functions of the
12 job, and that Defendants discriminated against him due to his disability. Dkt. 1. An evaluation of success
13 on the merits is difficult in this early stage. In any event, based on Plaintiff's pleadings, he appears to be
14 able to adequately articulate his claims in light of the legal issues involved. Plaintiff's Application for Court
15 Appointed Counsel should be denied.
16 Therefore, it is hereby, **ORDERED** that the Plaintiff's Application for Court Appointed Counsel
17 (Dkt. 9) is **DENIED**.
18 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
19 party appearing *pro se* at said party's last known address.
20 DATED this 26th day of September, 2008.

Robert J Bryan
United States District Judge