UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND G. PAGE, individually,

    Plaintiff,

v.

JEFFERSON TRANSIT AUTHORITY, DAVID A TURISSINI, and EILEEN M. LAWRENCE,

    Defendants.

Case No. C08-05456 RJB

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT EILEEN M. LAWRENCE AND DEFENDANT EILEEN M. LAWRENCE'S MOTIONS

This matter comes before the Court on Plaintiff's Motion for Default Judgment Against Eileen M. Lawrence (Dkt. 15), Defendant Eileen M. Lawrence's Motion to Strike/Opposition to Plaintiff's Notice of Intent to File Motion for Entry of Default against Defendant Eileen Lawrence (Dkt. 21), and Defendant Eileen M. Lawrence's Motions for Sanctions (Dkts. 18 and 21). The Court has considered the relevant documents and the remainder of the file herein.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, acting pro se, filed this action on July 21, 2008. Dkt. 1. Plaintiff's Complaint alleges that he brought this suit to seek relief "from Defendants' discrimination against Plaintiff on the basis of disability," from their retaliatory acts, for their violation of his civil rights, and for their "neglect [sic] to prevent injury in violation of 42 U.S.C. § 1986." *Id.*

On August 14, 2008, Plaintiff filed a Proof of Service form, which stated that a "Lawrence" was given a copy of the summons and complaint. Dkt. 5. The Proof of Service form was signed by Plaintiff.

ORDER
Page - 1

*Id.* On August 25, 2008, a notice of appearance was filed on behalf of Ms. Lawrence and she filed an Answer to the Complaint and Counterclaims on September 29, 2008. Dkts. 6 and 13. Plaintiff filed the instant Motion for Default on October 8, 2008. Dkt. 15. Plaintiff argues that he is entitled to a default judgment against Ms. Lawrence because she failed to timely plead or otherwise defend. *Id.* Plaintiff argues that Ms. Lawrence filed her Answer over 30 days after she had been served. *Id.*

Ms. Lawrence responds, arguing that even though she has not been properly served, she still filed an Answer in this matter. She argues that Plaintiff's Motion for Default is frivolous and he should be sanctioned pursuant to Fed. R. Civ. P. 11. Dkt. 18.

On October 22, 2008, Plaintiff filed a pleading entitled "Plaintiff's Notice of Intent to File Motion for Entry of Default Against Eileen Lawrence." Dkt. 28. Plaintiff again seeks an entry of default against Ms. Lawrence. *Id.*

Ms. Lawrence replies, arguing that Plaintiff's Motion for Entry of Default was frivolous, and should be sanctioned. Dkt. 21. She then moves to strike Plaintiff's Notice of Intent to File Motion for Entry of Default Against Eileen Lawrence (Dkt. 28) as moot. *Id.*

This Opinion will first address the Motion for Default Judgment and the Motion to Strike, and then the Motion for Rule 11 sanctions.

## II. DISCUSSION

### A. MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE

Fed. R. Civ. P. 55 (a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Plaintiff's Motion for Default Judgment Against Eileen M. Lawrence should be denied. Ms. Lawrence has filed an Answer to the Complaint, and in fact, did so before the Motion for Default was filed. Plaintiff has not shown he suffered any prejudice. *See Draper v. Coombs,* 792 F.2d 915, 924-25(9th Cir. 1986)(holding district court did not abuse its discretion in denying motion for default where, even though defendants filed their answer late, plaintiff failed to show he was prejudiced). Ms. Lawrence has not "failed to plead or otherwise defend." Plaintiff's motion should be denied.

Ms. Lawrence's Motion to Strike Plaintiff's Notice of Intent to File Motion for Entry of Default

Against Eileen Lawrence (Dkt. 28) should be granted. As the briefing on this motion shows, Ms. Lawrence is actively defending this case. Plaintiff's renewed motion (Dkt. 28) should be stricken as moot.

### B. FEDERAL RULE CIVIL PROCEDURE 11 SANCTIONS

Fed. R. Civ. P. 11 provides,

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Ms. Lawrence has not shown that the instant motion was "being presented for any improper purpose" or that sanctions are otherwise warranted here. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must serve an answer within 20 days after being served with the summons and complaint. It appears from the record that Plaintiff attempted to serve Ms. Lawrence on August 14, 2008. Dkt. 5. Ms. Lawrence filed an Answer and Counterclaims on September 29, 2008. Dkt. 13. Although Ms. Lawrence references the manner in which she was served (by Plaintiff), she does not appear to be making a motion regarding the sufficiency of service of process at this time. Accordingly, this order makes no findings or rulings regarding the sufficiency of service at this time. In any event, all parties are reminded that the Federal Rules of Civil Procedure, Local Rules of Civil Procedure and the Professional Rules of Responsibility apply. The motion for sanctions should be denied.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's Motion for Default Judgment Against Eileen M. Lawrence (Dkt. 15) is **DENIED**;
- Defendant Eileen M. Lawrence's Motion to Strike (Dkt. 18) is **GRANTED**; Plaintiff's Notice of Intent to File Motion for Entry of Default Against Eileen Lawrence (Dkt. 28) is **STRICKEN AS MOOT;** and

1 • Defendant Eileen M. Lawrence's Motion for Sanctions (Dkt. 18) is **DENIED**;

2 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

3 party appearing *pro se* at said party's last known address.

4 DATED this 30th day of October, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge