UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND G. PAGE,

    Plaintiff,

v.

JEFFERSON TRANSIT AUTHORITY, DAVID A. TURISSINI, AND EILEEN M. LAWRENCE,

    Defendants.

Case No. C08-5456RJB

ORDER ON DEFENDANT DAVID TURISSINI'S MOTION TO DISMISS and on DEFENDANT EILEEN M. LAWRENCE'S JOINDER TO DEFENDANT DAVID TURISSINI'S MOTION TO DISMISS

This matter comes before the Court on the Defendant David Turissini's Motion to Dismiss (Dkt. 50) and Defendant Eileen M. Lawrence's Joinder to Defendant David Turissini's Motion to Dismiss (Dkt. 52). The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

## I.    FACTS

On July 21, 2008, Plaintiff, *pro se*, filed a Complaint, alleging that he is a disabled person, and that Defendants discriminated against him based on his disability in violation of the Americans with Disabilities Act, retaliated against him for exercising his rights, violated his free speech and due process rights, and conspired to interfere with his civil rights. Dkt. 1. He cites the American with Disabilities Act, 42 U.S.C. §§ 1983, 1985 and 1988. *Id.*

Plaintiff is employed by Jefferson Transit Authority as a driver. *Id.* Defendant David Turissini is the general manager at Jefferson Transit Authority. *Id.* Defendant Eileen Lawrence is a private attorney. Dkt. 47, at 1. She was hired by Jefferson Transit to advise it on an Equal Employment Opportunity Commission complaint filed by Plaintiff. *Id.*

Plaintiff filed a Proof of Service form on August 14, 2008. Dkt. 5. The form states that on August 6, 2008, Plaintiff personally delivered a copy of the Summons and Complaint to "JTA & D. Turissini." *Id.* On November 19, 2008, the Jefferson Transit Authority and Mr. Turissini ("JTA Defendants") filed a motion to dismiss, arguing that Plaintiff's case against them should be dismissed for insufficient service of process. Dkt. 36. Defendants argued that, contrary to Fed. R. Civ. P. 4 (c)(2), Plaintiff personally delivered a copy of the summons and complaint to them. Dkt. 5. Plaintiff responded and requested more time to comply with the Rules and perfect service on the Defendants. Dkt. 41. Accordingly, the JTA Defendants' Motion to Dismiss was denied without prejudice and Plaintiff was given 20 days from December 16, 2008, "to serve the Defendants in compliance with the Local and Federal Rules of Civil Procedure." Dkt. 44.

On January 5, 2009, two Proof of Service forms were filed. Dkts. 61-62. One, dated December 29, 2008, states that the Summons and Complaint were served on Jefferson Transit Authority and David A. Turissini by "delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is: Rachel Katz/Executive Assistant." Dkt. 62. The form included a "Note" at the bottom, which states that:

> Service of Summons and Complaint to DEFENDANTS Jefferson Transit Authority and David A. Turissini was perfected at 1615 West Sims Way, Port Townsend, Washington and received by Executive Assistant/Clerk of the Board at Jefferson Transit Authority, in accordance with the Court's Order (Dkt. 44), dated 12/16/08, providing that "Plaintiff has 20 days from the date of this Order to serve the Defendants in compliance with the Local and Federal Rules of Civil Procedure."

*Id.*

The second proof of Service form, dated December 30, 2008, states that the Summons and Complaint were served on Eileen Lawrence by "delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is Legal Assistant to Eileen Lawrence." Dkt. 61. The Proof of Service also contains a "Note," which indicates that "[s]ervice of Summons and Complaint to DEFENDANT Eileen Lawrence, was perfected at Suite 4040, 701 5th Avenue, Seattle, Washington, and

ORDER
Page - 2

received by a person who identified herself as a Legal Assistant (name withheld) to Eileen Lawrence, in accordance with the Court's Order (Dkt. 44) . . ." *Id.*

The two individual Defendants, Turissini and Lawrence, move again for dismissal of the claims against them for insufficient service of process. Dkts. 50 and 52. They argue that neither of them was personally given a copy of the summons and complaint, nor was a copy of the summons and complaint left at their "house or usual abode with some person of suitable age or discretion who resides therein." *Id.* (*citing* Fed. R. Civ. P. 4(e)). It is undisputed that Ms. Lawrence was not in her office at the time of purported service, but was on vacation at the time the pleadings were left with her legal assistant. Both Defendants argue that Plaintiff's case against them should be dismissed. Dkts. 50 and 52.

Plaintiff opposes the motions, arguing that he served Defendants Turissini and Lawrence in accord with the Court's December 16, 2008, Order, by using "a person who is at least 18 years old and not a party." Dkt. 65. He argues that Ms. Katz acknowledges receipt of the Summons and Complaint and that she personally served Mr. Turissini. *Id.*, at 2. Plaintiff points out that Mr. Turissini does not argue that service was improper on him in his official capacity. *Id.*, at 4. Plaintiff argues that "[s]ervice of process on Defendant Eileen Lawrence, that is sufficient under RCW 4.28.080, also fails (her) insufficiency of process claim." *Id.*

## II. DISCUSSION

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *S.E.C. v. Ross,* 504 F.3d 1130, 1138 (9th Cir. 2007)(*citing Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986)). Fed. R. Civ. P. 4(e) provides,

> Unless federal law provides otherwise - an individual other than a minor . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Washington law, service on an individual may be made by delivering a copy of the summons and complaint to the defendant personally, or "by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15).

In general, Fed. R. Civ. P. 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists Inc. v. Eclat Computerized Techs. Inc.,* 840 F.2d 685, 688 (9th Cir. 1988)(*internal citation omitted*). For the sufficient notice exception to apply, however, there must be a justifiable excuse. *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984). Plaintiff offers no excuse here.

In any event, there must be substantial compliance with Rule 4. *Daly-Murphy v. Winston,* 837 F.2d 348, 354 (9th Cir. 1987). As to individual defendants, Rule 4 has generally been construed to mean that personal service is required. *Id.* Leaving the summons and complaint at a defendant's place of employment with a co-worker who has not been authorized to accept service is insufficient under Rule 4. *Id.* (holding that service of process was properly done on defendants in their official capacities by leaving the summons and complaint with an authorized agent; but where agent was not authorized to accept service on defendants in their personal capacities, court did not have jurisdiction over defendants in their personal capacities).

Defendants Turissini and Lawrence's motions (Dkts. 50 and 52) for dismissal of the claims made against them should be granted. Plaintiff has had over six months in which to properly effect service on these individual Defendants. Although the record indicates that he was aware of the inadequacy of his August 2008 attempt, he was granted an extension of time to serve the Defendants again in December. Dkt. 44. Defendants' motions to dismiss were denied without prejudice at that time. *Id.* Plaintiff was ordered to comply with the Local and Federal Rules of Civil Procedure regarding service of process. *Id.* The record indicates that he again failed to comply with Fed. R. Civ. P. 4's requirements on personal service. Neither was served at Defendant's dwelling or usual place of abode. Plaintiff argues that he properly served these individual Defendants through their agents pursuant to Fed. R. Civ. P. 4(2)(C). Dkt. 65. Contrary to Plaintiff's assertions, however, the evidence indicates that Ms. Katz was not "an agent

authorized by appointment or by law to receive service of process" for Mr. Turissini in either his official or individual capacity. Dkt. 51. Plaintiff offers no evidence to the contrary. All Plaintiff's claims against Mr. Turissini should be dismissed. Likewise, there is nothing in the record to indicate that Ms. Lawrence's legal assistant was "an agent authorized by appointment or by law to receive service of process" for Ms. Lawrence. As a private citizen, Ms. Lawrence has no "official capacity." All Plaintiff's claims against Defendant Lawrence are made against her individually and should be dismissed. Defendants Turissini and Lawrence's Motions to Dismiss (Dkts. 50 and 52) should be granted.

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant David Turissini's Motion to Dismiss (Dkt. 50) is **GRANTED;** Plaintiff's claims against Mr. Turissini are **DISMISSED**;
- Defendant Eileen M. Lawrence's Joinder to Defendant David Turissini's Motion to Dismiss (Dkt. 52) is **GRANTED**; Plaintiff's claims against Ms. Lawrence **ARE DISMISSED**; and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of February, 2009.

ROBERT J. BRYAN
United States District Judge