UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND G. PAGE,

         Plaintiff,

    v.

JEFFERSON TRANSIT AUTHORITY,
DAVID A. TURISSINI, AND EILEEN M.
LAWRENCE,

        Defendants.

Case No. C08-5456RJB

ORDER ON PLAINTIFF'S
MOTION FOR
RECONSIDERATION and
on DEFENDANT EILEEN
M. LAWRENCE'S
MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. 71) and

Defendant Eileen M. Lawrence's Motion for Summary Judgment (Dkt. 46). The Court has considered the

pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

## I.    FACTS

On July 21, 2008, Plaintiff, *pro se*, filed a Complaint, alleging that he is a disabled person, and that

Defendants discriminated against him based on his disability, retaliated against him for exercising his rights,

violated his free speech and due process rights, and conspired to interfere with his civil rights. Dkt. 1. He

cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1983, 1985 and 1988. *Id.*

### A.   PLAINTIFF'S MOTION

On February 3, 2009, Plaintiff's claims against Defendants Turissini and Lawrence were dismissed

for insufficient service of process ("Prior Order"). Dkt. 69. The factual history regarding Plaintiff's

attempts to serve the Defendants is recounted at length in the Prior Order (Dkt. 69) on pages 2-3 and is

adopted here by reference.

Plaintiff now seeks vacatur of the Prior Order in his motion. Dkt. 71. Plaintiff argues that the Court committed clear error in finding Plaintiff did not have good cause for failing to personally serve these Defendants. Dkt. 71. He argues that the Court erred in finding that his claims against Mr. Turissini in his "JTA General Manager's capacity" should be dismissed and erred in finding his claims against Ms. Lawrence in her "JTA Agent's capacity" should be dismissed. *Id.* He argues that, in any event, these parties have now been served in accord with Fed. R. Civ. P. 4, so the Prior Order should be withdrawn. *Id.* Although Plaintiff entitles his pleading *Motion for Reconsideration*, he makes reference to Fed. R. Civ. P. 60.

The record now contains a Proof of Service form which states that David A. Turissini was personally served with a summons and a copy of the Complaint in this matter on February 14, 2009. Dkt. 71, at 36. The record also contains a Return of Service form which states that process was personally served on Eileen M. Lawrence on February 10, 2009. Dkt. 71, at 35.

On February 24, 2009, this Court noted Plaintiff's motion in accord with Local Fed. R. Civ. P. 7, and held that Plaintiff's motion will be construed as a Motion for Relief from a Judgment or Order under Fed. R. Civ. P. 60(b)(6). Dkt. 74. Plaintiff's motion is now ripe for review.

Defendant Lawrence responds, and argues that Plaintiff has not established "extraordinary circumstances" required to vacate the Court's order under Fed. R. Civ. P. 60 (b)(6). Dkt. 77. She notes that Plaintiff did not effectuate personal service upon her until after the Court's order of dismissal. *Id.* She requests, however, in the interests of judicial economy, that the Court still consider her Motion for Summary Judgment (Dkt. 46). *Id.*

Defendant Turissini responds, and argues that Rule 60(b)(6) is an extraordinary remedy and should not be used here. Dkt. 78. He argues that dismissal of the claims against Mr. Turissini in his individual and official capacity was not in error. Dkt. 78.

## B.    DEFENDANT LAWRENCE'S MOTION FOR SUMMARY JUDGMENT

In Defendant Lawrence's Motion for Summary Judgment, which was originally noted for February 13, 2009, Ms. Lawrence seeks summary dismissal of all Plaintiff's claims against her with prejudice, and judgment in her favor on her counterclaim for attorney's fees and costs. Dkt. 46.

## 1. *Basic Facts Regarding Ms. Lawrence's Motion*

Plaintiff was employed by Jefferson Transit Authority ("JTA") as a driver. Dkt. 1, at 2; Dkt. 83, at 6. JTA provides public transportation services in Jefferson County, Washington. Dkt. 1, at 2.

Private attorney Eileen M. Lawrence was retained by JTA to respond to Plaintiff's work break violation grievances and charges of discrimination filed with the EEOC. Dkt. 47, at 1. She billed JTA hourly for the legal services performed. *Id.* She does not have an attorney-client relationship with Plaintiff. *Id.,* at 2; Dkt. 71, at 20. She does not have an employment relationship with him. Dkt. 47, at 2. Ms. Lawrence states that she had no general authority to act on behalf of JTA regarding Plaintiff. *Id.,* at 3. She states that she did not make any decisions regarding his employment and did not participate in any disciplinary proceedings involving him. *Id.* She prepared correspondence on behalf of her client (Dkt. 76-3, at 7) and filed JTA's "Employer's Response" to Plaintiff's EEOC charges (Dkt. 48-15, at 2-10).

Several months after Ms. Lawrence began representation of JTA, Plaintiff filed a complaint with the Washington State Bar Association ("WSBA"). Dkt. 48-16, at 2-3. The WSBA dismissed the grievance, stating that there was "no evidence of any violation of the Rules of Professional Conduct by Ms. Lawrence." Dkt. 48-17, at 3.

Ms. Lawrence states that the attorney-client relationship between her, her firm, and JTA ended before Plaintiff resigned. Dkt. 83, at 6.

## 2. *Pending Motion for Summary Judgment*

Ms. Lawrence moves for summary dismissal of Plaintiff's claims against her with prejudice, arguing that Plaintiff has no cognizable claims against her because: 1) Ms. Lawrence is not an employer subject to liability under the ADA, 2) Ms. Lawrence is not subject to liability under 42 U.S.C. § 1983 because she did not act "under the color of law," 3) she did not conspire to interfere with any of Plaintiff's civil rights, 4) she had no control over JTA's employment actions regarding Plaintiff, and thus is not liable under 42 U.S.C. § 1986, and 5) 42 U.S.C. § 1988 does not create an independent cause of action against Ms. Lawrence. Dkts. 46 and 79. She seeks attorney's fees and costs as the prevailing party under the ADA, 42 U.S.C. §§ 1983, 1985, and 1986. *Id.*

Plaintiff responds, arguing that: 1) he has provided triable issues of material fact, 2) she is liable under the ADA as an agent, 3) she is liable under 42 U.S.C. § 1983, 4) she acted outside her professional

duties as a lawyer and is therefore liable under 42 U.S.C. § 1985, 5) there are issues of fact as to his 42 U.S.C. § 1986 claim, 6) Ms. Lawrence is liable under § 1988, and 7) there are issues in dispute, so no award of attorney's fees and costs to Ms. Lawrence is appropriate. Dkts. 71 and 75.

## II.   DISCUSSION

### A.   PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

When a plaintiff proceeds *pro se*, the district court is required to afford him the benefit of any doubt in ascertaining what claims he raised in his complaint and argued to the district court. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), citing *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim -Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pleadings of *pro se* civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt).

Fed. R. Civ. P. 60(b)(6) provides, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)(*quoting Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103(9th Cir.2006)). "This Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Id.* (*internal citation omitted*).

Plaintiff seeks relief from the order granting Defendants Turissini and Lawrence's motions for dismissal of the claims against them for insufficient service of process (Dkt. 69). Plaintiff here has shown that he has suffered an injury - his claims against Defendants Turissini and Lawrence were dismissed due to his failure to properly serve them. *Harvest* at 749. His showing regarding "circumstances beyond his control" is sufficient. He states that due to the poor weather at the end of December 2008 and early January 2009, he was unable to properly serve these Defendants within the time frame that the Court had given him. The Court is mindful of the public policy favoring resolution of cases on the merits. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998). This policy "is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (reversing for abuse of discretion a Rule 41(b) dismissal of *pro se* litigant's § 1983 action for failure to comply with court order). To that end,

and particularly in light of the fact that Defendant Lawrence has requested that the Court consider her Motion for Summary Judgment, (which if granted would result in a dismissal of the claims against her **with prejudice**), and in light of Plaintiff's *pro se* status, Plaintiff's motion should be granted. The Court's Order on Defendant David Turissini's Motion to Dismiss and on Defendant Eileen M. Lawrence's Joinder to Defendant Turissini's Motion to Dismiss (Dkt. 69) should be vacated.

## B.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## C.   ADA CLAIM AGAINST MS. LAWRENCE

Under 42 U.S.C. § 12112(a), "covered entities" are prohibited from discriminating against "qualified individuals with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees" and "other terms, conditions and privileges of employment." Under the ADA, a "covered entity" includes "employers," who are defined as "a person engaged in an industry affecting commerce . . . and any agent of such person." 42 U.S.C. § 12111 (5) (A).

Plaintiff's claim under the ADA against Ms. Lawrence should be dismissed with prejudice. There is no evidence in the record that she is a "covered entity" under the ADA, or that the Plaintiff and Ms. Lawrence have any manner of employment relationship. Defendant argues that Ms. Lawrence was JTA's "agent" and so was an "employer" under the statute's definition. Dkt. 71, at 21-22. Plaintiff fails to point to any evidence that Ms. Lawrence was JTA's "agent" for purposes of the statute. Plaintiff fails to point to any evidence in the record that Ms. Lawrence took an adverse employment action against him or that she had any authority from JTA to do so. She does not dispute that she gave her client advice regarding Plaintiff's EEOC claims, as JTA hired her to do. Plaintiff fails to show that her actions as a private attorney here make her an "agent" subject to liability under the ADA. In any event, the claim should be dismissed because individual defendants are not subject to personal liability for violations of the ADA. *Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2009). Defendant Lawrence's motion to summarily dismiss Plaintiff's ADA claim against her should be granted.

## D.   CIVIL RIGHTS VIOLATION CLAIM UNDER 42 U.S.C. § 1983 AGAINST MS. LAWRENCE

Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

There is no evidence that Ms. Lawrence is a state employee. Under § 1983, "a claim may lie against a private party who is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting under color of law for

purposes of § 1983 actions." *Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 900 (9th Cir. 2008) (*internal quotation omitted*). "However, a bare allegation of such joint action will not overcome a motion to dismiss." *Id.* Plaintiff must provide facts tending to show that the defendant acted under color of state law or authority. *Id.*

Plaintiff has failed to show that Ms. Lawrence took any action, "under the color of law" or otherwise, against Plaintiff. There is no evidence that Ms. Lawrence had any authority to take action or make a decision regarding Plaintiff. Ms. Lawrence provided legal advice and services to her client, JTA for an hourly fee. Dkt. 47. There is no evidence her advice to JTA was improperly influenced, or that she gave it anything other than her professional opinion. There is no evidence that JTA was obliged to act on her advice. Plaintiff's § 1983 claim against Ms. Lawrence should be dismissed with prejudice.

### E.  CONSPIRACY TO INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1985 AGAINST MS. LAWRENCE

Under 42 U.S.C. § 1985 - the Ku Klux Klan Act of 1871- individuals are protected from conspiracies to deprive them of their legally protected rights. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Plaintiff states in his Response that he brings his claim under § 1985 (2). Dkts. 71 and 75.

Section 1985(2), contains two clauses that give rise to separate causes of action. *Portman v. County of Santa Clara,* 995 F.2d 898, 908 (9th Cir. 1993). The first clause addresses access to federal courts, giving rise to a cause of action where:

> two or more persons in any State or Territory conspire [A] to deter, by force, intimidation, or threat, any party or witness *in any court of the United States* from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully, or [B] to injure such party or witness in his person or property on account of his having so attended or testified . . . .

*Id.* (*citing* 42 U.S.C. § 1985(2)) (*emphasis in original*). A plaintiff must prove four elements to make out a claim based on the first clause of § 1985(2): "1) a conspiracy by the defendants; 2) to injure a party or witness in his or her person or property; 3) because he or she attended federal court or testified in any matter pending in federal court; 4) resulting in injury or damages to the plaintiff." *Id.,* at 909.

To the extent that Plaintiff basis his conspiracy claim on the first clause of § 1985(2), his claim against Ms. Lawrence should be dismissed with prejudice. Plaintiff has failed to show any evidence of a conspiracy by Defendants to injure him or his property because he attended federal court or testified in any

matter pending in federal court.

The second clause of § 1985(2) addresses access to state courts, "giving rise to a cause of action where two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice *in any State or Territory*, with intent to deny to any citizen *the equal protection of the laws. . . .*" *Id.*, at 908 (*emphasis in original*). To state a claim under the second clause of § 1985(2), plaintiff must allege class-based animus. *Id.*, at 909. Here, Plaintiff has not alleged, or pointed to any evidence that the Defendants denied him access to state courts because he was a member of a protected class. Thus, he has no cause of action for denial of access to state court.

To bring a claim successfully under § 1985(3), a plaintiff must allege and prove four elements:

> (1) conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever*, at 1536 (*internal citations omitted*). "Further, the second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.*

Plaintiff points to no evidence in the record that Ms. Lawrence was motivated by racial or other class-based "invidiously discriminatory animus." Moreover, Plaintiff has failed show Ms. Lawrence took any action taken against him. To the extent that Plaintiff brings a conspiracy claim under 42 U.S.C. § 1985(3), it should be dismissed.

Plaintiff has failed make the necessary showing for his § 1985 claim. Defendant Lawrence's motion to summarily dismiss his conspiracy claim against her should be granted.

## F.      CLAIM UNDER 42 U.S.C. § 1986 AGAINST MS. LAWRENCE

Under 42 U.S.C. § 1986,

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act . . .

Plaintiff's § 1986 is reliant upon the success of his § 1985 claim. *Dooley v. Reiss*, 736 F.2d 1392,

(9th Cir. 1984).  Where a plaintiff failed to make the required showing under 42 U.S.C. § 1985, his claim under § 1986 should be dismissed.  *Id.*  Plaintiff did not point to evidence in the record supporting his § 1985 claim, and so his § 1986 claim against Ms. Lawrence should be dismissed.

/

### G.      CLAIM UNDER 42 U.S.C. § 1988 AGAINST MS. LAWRENCE

Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost."  *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).  Plaintiff's 42 U.S.C. § 1988 claim against Ms. Lawrence should be dismissed.  It is unclear upon what Plaintiff's 42 U.S.C. § 1988 claim is based.  To the extent that he seeks an award of attorneys fees his claim should be dismissed.  First, all his claims against her should be dismissed, and so he is not a prevailing party.  Second, a "*pro se* litigant who is not a lawyer is not entitled to attorneys fees" under 42 U.S.C. § 1988.  *Kay v. Ehrler,* 499 U.S.432, 435 (1991).

### H.      MS. LAWRENCE'S CLAIM FOR ATTORNEYS' FEES AND COSTS

Section 1988 provides:  "[a] prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be unreasonable, frivolous, meritless, or vexatious."  *Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994)(*internal citations omitted*).  An action is considered frivolous in the Ninth Circuit when the result is obvious or the Plaintiff's arguments are wholly without merit.  *Id.*

Plaintiff's claims against Ms. Lawrence here are "unreasonable, frivolous, meritless and vexatious."  As above, Ms. Lawrence has shown that Plaintiff's § 1983 claim against her is totally without merit.  Plaintiff made no showing that Ms. Lawrence, a private attorney, acted "under the color of law" for the purposes of § 1983, when she rendered legal services to her client.  Plaintiff has failed to allege or provide any factual support for either of his § 1985 or § 1986 claims, so the "result" - dismissal of these claims - is obvious.  *See Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir.1991) (affirming grant of defendant's attorney's fees under § 1988 when the complaint patently failed to state a claim and lacked any factual basis).  A *pro se* Plaintiff's claim for attorney's fees under § 1988 is contrary to well established law.  *See Kay* at 435.  Accordingly, Plaintiff's § 1988 claim is also wholly without merit.  Ms. Lawrence's motion for an award of reasonable attorney's fees should be granted.

Ms. Lawrence should file a motion for the amount that she is requesting in reasonable attorney's fees, if any, her brief, and supporting documentation on or before April 3, 2009. The noting date of that motion, and the dates of Plaintiff's response, if any, and Ms. Lawrence's reply, if any, should be set in accord with the Local Fed. R. Civ. P. and Fed. R. Civ. P. Parties should be mindful that in determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008); *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986). Courts in the Ninth Circuit also consider the factors announced in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975) in reviewing a claim for attorneys fees. *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1065 (9th Cir. 2006).

## III.     ORDER

Therefore, it is hereby, **ORDERED** that:

- Plaintiff's Motion for Reconsideration (Dkt. 71) is **GRANTED AS FOLLOWS**: The Order on Defendant David Turissini's Motion to Dismiss and on Defendant Eileen M. Lawrence's Joinder to Defendant Turissini's Motion to Dismiss (Dkt. 69) is **VACATED**;

- Defendant Eileen M. Lawrence's Motion for Summary Judgment (Dkt. 46) is **GRANTED**;

- Plaintiff's claims against Ms. Lawrence are **DISMISSED WITH PREJUDICE**;

- Ms. Lawrence's Motion for Attorney's Fees (Dkt. 46) is **GRANTED**;

- Ms. Lawrence **SHALL** file a motion for the amount that she is requesting in reasonable attorney's fees, if any, her brief, and supporting documentation on or before **April 3, 2009**. The noting date of that motion, and the dates of Plaintiff's response, if any, and Ms. Lawrence's reply, if any, shall be set in accord with the Local Fed. R. Civ. P. and Fed. R. Civ. P; and

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of March, 2009.

ROBERT J. BRYAN
United States District Judge