UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAYMOND G. PAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERSON TRANSIT AUTHORITY, DAVID A. TURISSINI, AND EILEEN M. LAWRENCE,<br><br>    Defendants. | Case No. C08-5456RJB<br><br>ORDER ON JTA DEFENDANTS' MOTION FOR COSTS AND NECESSARY DISBURSEMENTS AND MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Jefferson Transit Authority and David A. Turissini's ("JTA Defendants") Motion for Costs and Necessary Disbursements (Dkt. 120) and Motion for Attorneys' Fees (Dkt. 125). The Court has considered the pleadings filed in support of and in opposition to the motions, and the remainder of the file herein.

### I.   FACTS

On July 21, 2008, Plaintiff, *pro se*, filed a Complaint, alleging that he is a disabled person, and that Defendants discriminated against him based on his mental disability, retaliated against him for exercising his rights, violated his free speech and due process rights, and conspired to interfere with his civil rights. Dkt. 1. He cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1983, 1985 and 1988. *Id.*

Plaintiff was employed by Defendant Jefferson Transit Authority ("JTA") as a driver. Dkt. 1, at 2; Dkt. 83, at 6. JTA provides public transportation services in Jefferson County, Washington. Dkt. 1, at 2.

Private attorney and Defendant in this case, Eileen M. Lawrence, was retained by JTA to respond

ORDER
Page - 1

to Plaintiff's work break violation grievances and charges of discrimination filed with the EEOC. Dkt. 47, at 1. Ms. Lawrence's Motion for Summary Judgment was granted, and Plaintiff's claims against her were found to be "unreasonable, frivolous, meritless and vexatious." Dkt. 84 (*citing Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994)). Ms. Lawrence was awarded costs and attorneys' fees. Dkt. 110.

On July 15, 2009, the JTA Defendants' Motion for Summary Judgment was granted, and Plaintiff's remaining claims were dismissed. Dkt. 116. The facts and procedural history regarding the claims against the JTA Defendants are contained in the Court's July 15, 2009, Order Granting Jefferson Transit Authority and David A. Turissini's Motion for Summary Judgment (Dkt. 116, at 1-6) and are adopted here by reference.

The JTA Defendants now seek an award of attorneys' fees arguing that Plaintiff's claims against David A. Turissini and his non-ADA claims against Jefferson Transit Authority merit an award of attorneys' fees because Plaintiff knew that they had no merit based upon the Court's prior orders and case law given him by Defendants' counsel. Dkt. 125. JTA Defendants seek $15,305.00 in attorneys' fees. *Id.* They seek costs in the amount of $1,874.53. Dkt. 120. Plaintiff opposes an award of fees and costs. Dkt. 129.

**II.   DISCUSSION**

**A.   ATTORNEYS' FEES**

Section 1988 of the Civil Rights Act, provides that a prevailing defendant should not routinely be awarded attorneys' fees and costs simply because he has succeeded, but rather only where "the action is found to be unreasonable, frivolous, meritless, or vexatious." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421 (1978); *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994)(*internal citations omitted*). An action is considered frivolous in the Ninth Circuit when the result is obvious or the Plaintiff's arguments are wholly without merit. *Id.* This standard is applied with particular strictness where a plaintiff proceeds *pro se. Miller v. Los Angeles Board of Education,* 827 F.2d 617 (9th Cir. 1997). The Ninth Circuit held in *Miller* that a district court should consider a Plaintiff's *pro se* status and ability to pay an award of fees to a prevailing defendant in civil rights suits. *Id.,* at 620.

Similarly, the ADA's attorneys' fees provision allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)(*citing Christiansburg*, at 421). Because § 12205 makes fees and costs parallel, the *Christiansburg* test, used in fee awards under § 1988, also applies to an award of costs to a prevailing defendant under the ADA. *Id.*

1. <u>Whether Action is Unreasonable, Frivolous, Meritless or Vexatious</u>

Based upon the record as a whole, it cannot be said that Plaintiff's action against the JTA Defendants was "unreasonable, frivolous, meritless, or vexatious." *Christiansburg*, at 421. The fact that Plaintiff's choose to abandon some claims at the summary judgment stage does not render the entire action frivolous. Plaintiff's ADA claims regarding his mental disability were not wholly without merit. His claims were dismissed because he did not carry his burden to defeat a summary judgment motion. Dkt. 116. The JTA Defendants should not be given an award of attorneys' fees or costs based upon this factor.

2. *Pro Se* Status

In *Miller*, the Ninth Circuit noted that "*pro se* plaintiffs cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." *Id.,* at 620. The Ninth Circuit provides some factors to be taken into account in determining whether a *pro se* plaintiff should know, or does know, that a claim is groundless. *Id.*

First, it warns that a district court should be wary of awarding fees in a civil rights case that it is unable to conclude should be dismissed before trial. *Id.* This factor favors an award of fees to the JTA Defendants. Like the claims against Ms. Lawrence, Plaintiff's claims against JTA were dismissed by motion well before trial.

Second, the *Miller* Court noted that "repeated attempts by a pro se plaintiff to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to a prevailing defendant." *Miller,* at 620. This factor is not particularly helpful here. The JTA Defendants point out that Ms. Lawrence was awarded costs and fees, so Plaintiff should have known that his claims against them were without merit. Dkt. 125. As the record shows, the JTA Defendants were not in the same position vis a vis

the Plaintiff as Ms. Lawrence, JTA's private attorney. Moreover, the fact that the EEOC choose not to prosecute Plaintiff's claim is not necessarily an indication that the case has no merit.

Lastly, the Ninth Circuit states that claims brought in bad faith support an award of fees. *Miller,* at 620. There is insufficient evidence in the record to find that Plaintiff acted in bad faith here. This factor does not favor an award of fees.

### 3. Financial Ruin

"[A] district court in cases involving 42 U.S.C. §§ 1981, 1983 or Title VII should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant." *Miller,* at 621 (*internal citations omitted*). This is particularly true when the fee request against an individual plaintiff is sizable. *Id.* "While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k), the award should not subject the plaintiff to financial ruin." *Id.*

Plaintiff states that his prior pleading, filed in response to the Order to Show Cause regarding an award of fees to Ms. Lawrence (Dkt. 104-2, at 2), is still accurate as to his financial resources. Dkt. 130. The pleading indicates that he is not employed. Dkt. 104-2, at 2. He states that he earns $1,437.00 a month from Social Security, and $149.00 a month from Boeing, for a total monthly income of $1,586.00. *Id.* He reports the following assets: 1986 Subaru Brat, valued at $1,000.00, and a 1979 Watkins 27 sailboat, valued at $7,500.00. *Id.* Plaintiff reports that he has no cash in a savings or checking account. *Id.* Plaintiff reports that he pays $575.00 monthly in boat moorage fees, wireless communication fees, and insurance, leaving him $1,011.00 per month. *Id.* Plaintiff does not provide any information regarding his living expenses such as food, gas, medicine, clothing, utilities, if any, etc. Plaintiff adds in his declaration in opposition to the JTA Defendants' motion, that his financial condition is worsened by the $5,000 award of fees and costs made to Ms. Lawrence in this case. Dkt. 130. It appears from the record that Plaintiff would be unable to pay a further award in this case without being "subjected to financial ruin." *Miller,* at 621.

### 4. Conclusion

Upon consideration of the record, Plaitniff's *pro se* status, and his ability to pay, an award of attorneys fees and costs should not be granted.

ORDER
Page - 4

### III.   ORDER

Therefore, it is hereby, **ORDERED** that:

- Jefferson Transit Authority and David A. Turissini's (" JTA Defendants") Motion for Costs and Necessary Disbursements (Dkt. 120) and Motion for Attorneys' Fees (Dkt. 125) is **DENIED;** and
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of September, 2009.

*/s/ Robert J Bryan*
Robert J Bryan
United States District Judge